J-A15016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RICHARD A. SPRAGUE, ESQUIRE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JILL PORTER, PHILADELPHIA NEWSPAPERS, LLC, PHILLY ONLINE, LLC, PMH ACQUISITION, LLC, PHILADELPHIA MEDIA HOLDINGS, LLC | |
| Appellees | No. 1649 EDA 2013 |

Appeal from the Order Entered May 17, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2930 January Term, 2010

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:　　　　　　**FILED AUGUST 26, 2014**

Richard A. Sprague, Esquire, appeals from the order of the Court of Common Pleas of Philadelphia County, which granted summary judgment in favor of Jill Porter, Philadelphia Newspapers, LLC, Philly Online, LLC, PHM Acquisition, LLC and Philadelphia Media Holdings, LLC.  We affirm based on the thorough opinion of the Honorable Lisa M. Rau.

The trial court set forth the underlying facts of this case as follows:

Philadelphia Attorney Richard A. Sprague (Appellant) represented his friend State Senator Vincent J. Fumo during a federal investigation and prosecution for public corruption and obstruction of justice.  Senator Fumo was charged, among other things, with deleting emails and wiping computer hard drives during the federal investigation.  On February 8, 2007, Mr. Sprague called a press

---

[*] Retired Senior Judge assigned to the Superior Court.

conference and stated that his client had "sought advice from a lawyer – not me – on whether to change his policy" before deleting emails during the federal investigation. Sometime later, Mr. Sprague's personal and professional relationship with Senator Fumo changed and they parted ways. In February 2009, Mr. Sprague was called by the prosecution at Senator Fumo's criminal trial. Mr. Sprague testified that notwithstanding what he said at the press conference two years earlier, he had never believed Senator Fumo's claim of having relied upon legal advice when he purged emails: "Did I believe it? Of course not."

**Philadelphia Daily News** reporter Jill Porter had been covering the public corruption trial in her weekly column from the beginning. She attended the earlier press conference and the trial. Two days after Mr. Sprague's trial testimony, Ms. Porter wrote, "Sprague, once Fumo's beloved mentor and best friend, labeled Fumo a liar when he testified at Fumo's trial this week. But he acknowledged that he was something of a liar, too." Ms. Porter quoted Mr. Sprague's statements two years earlier at the press conference when he said Senator Fumo had relied upon a lawyer's advice in deleting the emails. She then quoted his recent trial testimony when he admitted that he had never believed the story he told about Senator Fumo's defense at the press conference. Ms. Porter posed questions in her column about Mr. Sprague's conduct:

> "So one of the most powerful attorneys in Philadelphia believes that it's acceptable to deliberately mislead the public on behalf of a client?
>
> That it's appropriate to vigorously perpetrate an untruth, as part of his legal obligation?"

**See** Ct. Ex. A, Jill Porter, **The law, duty, and truth**, PHILA. DAILY NEWS, Feb. 20, 2009, at 6, 12, attached; Def's Mot. Summ. J. Ex. 4. Ms. Porter answered the questions by writing that "Sprague's posturing on Fumo's behalf may not be officially unethical" but "it sure *seems underhanded and immoral to me*." **See id.** (emphasis provided).

In response, Mr. Sprague filed suit for defamation and false-light invasion of privacy against Ms. Porter and the **Daily News**' entities (Appellees) that published the column on January 26, 2010. After discovery was complete, the Appellees moved for summary judgment and argued that Mr. Sprague failed to produce the legally required evidence that the published statements were false or not opinion, that they were made with malice, and that he suffered any

damages. On May 17, 2013, this [c]ourt granted summary judgment on all four grounds because there was not sufficient evidence under the law to proceed to trial.

Trial Court Opinion, 11/1/13, at 1-3.

This timely appeal followed, in which Sprague raises the following issues for our review:

1. Should summary judgment be denied in the face of disputed issue of material fact regarding the falsity of defendants' defamatory statements and, if not, is there sufficient evidence to create an issue of fact as to whether defendants' defamatory statements regarding the plaintiff were false?

2. Should summary judgment be denied where the defendants' state of mind is in dispute and there is ample evidence to support a finding defendants published their defamatory falsehoods with a reckless disregard for the truth?

3. Is a jury permitted to award damages to a libel plaintiff for loss of reputation and emotional anguish based upon evidence of the circulation and content of the defamatory publication and the emotional anguish it caused the plaintiff?

4. Where the newspapers' statements created a false impression of the plaintiff with respect to his public conduct, may a jury consider the plaintiff's claim for false light?

Appellant's Brief at 3.

In **Weaver v. Lancaster Newspapers, Inc.**, 926 A.2d 899 (Pa. 2007), our Supreme Court explained the law regarding public figure defamation:[1]

In Pennsylvania, the Uniform Single Publication Act, 42 Pa.C.S. §§ 8341-8345, sets forth the elements of a *prima facie* case in a defamation action. The burden is on the plaintiff to prove:

(1) The defamatory character of the communication.

---

[1] Sprague admitted that for purposes of this litigation he is a public figure **See** Plaintiff's Answer in Opposition to Defendants' Motion for Summary Judgment, ¶ 18.

(2)    Its publication by the defendant.
(3)    Its application to the plaintiff.
(4)    The understanding by the recipient of its defamatory meaning.
(5)    The understanding by the recipient of it as intended to be applied to the plaintiff.
(6)    Special harm resulting to the plaintiff from its publication.
(7)    Abuse of a conditionally privileged occasion.

42 Pa.C.S. § 8343(a).  In turn, when a *prima facie* case of defamation is properly raised, the defendant may rebut by proving:

(1)    The truth of the defamatory communication.
(2)    The privileged character of the occasion on which it was published.
(3)    The character of the subject matter of defamatory comment as of public concern.

*Id.* at § 8343(b).  Case law further informs us that it if the plaintiff is a public figure he or she must prove that the defendant published the offending statement with "actual malice," i.e., with knowledge that the statement was false or with reckless disregard to its falsity.  **Curran v. Philadelphia Newspapers**, 439 A.2d 652, 659 (Pa. 1981) (quoting **New York Times Co. v. Sullivan**, 376 U.S. 254, 279-80 (1964).

**Weaver**, **supra** at 903.

A court may enter summary judgment when "a non-moving party has not produced 'sufficient evidence' on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor."  **Ertel v. Patriot News Co.**, 674 A.2d 1038, 1042 (Pa. 1996).  Here, the trial court properly concluded that Sprague failed to establish: (1) the allegedly defamatory statements were not opinion; (2) the statements were false; by clear and convincing evidence; (3) the article was published with malice; and (4) entitlement to damages.  Failure to establish any one of

- 4 -

these elements would have been fatal to Sprague's claim. **See** Trial Court Opinion, 11/1/13, at 16.

After careful review of the parties' briefs, the record and the relevant law, we agree with Judge Rau's analysis and affirm on the basis of her well-reasoned opinion. We instruct the parties to attach a copy of Judge Rau's decision in the event of further proceedings.

Order affirmed.


PANELLA, J., files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2014